**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

KEVIN W. HOOG; and REBECCA HOOG,

      Plaintiff,

v.

DOMETIC CORPORATION, a Delaware
corporation,

      Defendants.

Case No.: CIV-20-00272-JD

## PLAINTIFFS' MOTION TO EXCLUDE THE OPINIONS OF WALTER OLIVEAUX

Plaintiffs, Kevin Hoog and Rebecca Hoog (hereinafter referred to collectively as "Plaintiffs" or "Hoog") hereby move for an order excluding the expert report and proposed testimony of Walter Oliveaux pursuant to Federal Rule of Evidence ("Rule") 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[1]

## PRELIMINARY STATEMENT

The subject of this motion is the report and fire origin and cause opinions of Walter Oliveaux, Dometic's retained origin and cause expert in the above-entitled action. Mr. Oliveaux concedes that he does not have the requisite education, training or expertise to hold himself out as experts in the field of gas absorption refrigeration technology in general, or in the specific field of boiler design, operation and failure in particular. Mr. Oliveaux's methodology – to the extent he employed any methodology at all – was inherently speculative, and as applied rendered his opinions highly unreliable and inadmissible under *Daubert*. The fire origin and

cause opinions of Mr. Oliveaux, in particular, are not just speculative, but are based on factual assertions that are demonstrably false.[3]

The report and fire origin and cause opinions of Mr. Oliveaux do not meet the standard of reliability under *Daubert*, and should therefore be excluded from the trial of this action.

## LEGAL STANDARD

The legal standard for the admissibility of expert testimony is set forth in *Cline v. Sunoco, Inc.*, Civil Action No. 6:17-cv-313-JAG, at *3 n.1 (E.D. Okla. Oct. 3, 2019) as follows:

"Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), govern the admissibility of expert testimony. *James River Ins. v. Rapid Funding, LLC*, 658 F.3d 1207, 1215 n.1 (10th Cir. 2011). A court acts as a gatekeeper when deciding to admit evidence, and has "broad discretion to determine the admission of expert testimony." *Taylor v. Cooper Tire & Rubber Co.*, 130 F.3d 1395, 1397 (10th Cir. 1997); *see Daubert*, 509 U.S. at 597. To determine admissibility of expert testimony, a court must perform a two-step analysis. *103 Inv'rs I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). First, it must decide "whether the expert is qualified by

---

[3]   Mr. Oliveaux's Rule 26 Report is attached hereto as Exhibit 1.

'knowledge, skill, experience, training, or education' to render an opinion." *Id*. (quoting <u>Fed. R. Evid. 702</u>). Second, it "must determine whether the expert's opinion is reliable under the principles set forth in *Daubert*." *Id*. Those principles include: "(1) whether the proffered theory can and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community." *Id*. The factors are "meant to be helpful, not definitive." *Kumho Tire Co*., <u>526 U.S. at 151</u>. "[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id*. at 152."

The objective of the district court's gatekeeping role is ultimately to ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. Here, the opinions of Mr. Oliveaux fail these requirements and require that his report and opinions be excluded.

# ARGUMENT

## I.

## MR. OLIVEAUX'S OPINIONS SHOULD BE EXCLUDED AS UNRELIABLE AND UNHELPFUL.

**A.    Mr. Oliveaux is not qualified to offer opinions regarding the design, operation and cause of failure of Dometic-branded gas absorption refrigerators.**

Mr. Oliveaux is a fire origin and cause investigator whose only experience prior to opening his own shop was with a volunteer fire department in Louisiana.[4] He is not an engineer or metallurgist.[5]   He has not authored any peer reviewed articles on the design, operation or failure of gas absorption refrigerators, including those manufactured by Dometic.[6]   He concedes that he is not an expert in gas absorption technology or boiler design, operation or failure.[7]

Notwithstanding the above, Mr. Oliveaux's Rule 26 report purports to offer a variety of opinions on the operation and failure of Dometic gas absorption refrigerators that he lacks any qualification to provide.   For example, Mr. Oliveaux includes a three page section entitled "Overpressure Conditions & Ignition Sequence" that purports to detail the operation of gas absorption

---

[4]   See Declaration of Terrence A. Beard in Support of Motion to Exclude the Opinions and Testimony of Walter Oliveaux (TABDEC), Ex. 1 [Oliveaux Depo], at 17:10 – 22:11.

[5]   See, TABDEC, Ex 1 [Oliveaux Depo.], at 23:18 – 24:8.

[6]   *Id.*, at 24:9 – 25:15.

[7]   *Id.*, at 25:16 – 27:20.

refrigerators, and the manner in which they fail when exposed to an "attacking fire".[8]   There is not a single authority cited by Mr. Oliveaux in support of the many statements asserted in this section regarding the operation or failure of gas absorption refrigerators,  nor is there any explanation of how Mr. Oliveaux came across the statements he is asserting.[9]   Rather, the entire section is a collection of *ipse dixit* assertions untethered to any relevant qualifications possessed by Mr. Oliveaux, or citations to any relevant authority.

Mr. Oliveaux lacks the qualifications to opine on the design, operation and failure of gas absorption refrigerators, and his opinions and testimony on those issues should be excluded.

**B.    Mr. Oliveaux's origin and cause opinions are based on speculation and a demonstrably false statement of fact and are therefore unreliable and unhelpful to the jury.**

Mr. Oliveaux opines that the Hoog fire started outside the Hoog Shop in  a pile of lumber.[10]   However, he testified that he could not state how the fire started in the woodpile or when it started, how long it burned or exactly how it travelled into the inside of the shop.[11]   He never documented the wood pile,

---

[8]   See, Ex 1 [Oliveaux Rule 26 Report], at pages 31 – 33.

[9]   During deposition, Mr. Oliveaux attempted to explain this section of his report as based on what other experts designated by Dometic in this and other action told him.   See, TABDEC, Ex 1 [Oliveaux Depo.], at 247:20 – 250:18.   The fact that this section is duplicative of what other experts will testify to is another ground to exclude Mr. Oliveaux's report and testimony.

[10]   See, TABDEC, Ex 1 [Oliveaux Depo.], at 84:6 – 21.

[11]   *Id.*

---

notwithstanding his admission that photo documentation is a standard methodology for fire origin and cause examinations.[12]   He never examined or tested the wood pile for evidence of how it started the fire, or developed any information upon which he could base his other opinions about fire spread.[13]   His explanation for not documenting or conducting any examination of the purported origin of the fire was the the scene had been "cleaned up" (i.e. spoliated) prior to his first inspection of the Hoog fire scene on June 15, 2018, and that there was therefore nothing left of the wood pile to examine.[14]

Mr. Oliveaux's spoliation claim is demonstrably false.   The wood pile that Mr. Oliveaux asserts was the origin of the fire existed at the time of his first inspection of the fire scene, a fact that Mr. Oliveaux was forced to concede at deposition.[15]   There was nothing that precluded Mr. Oliveaux from documenting, examining, testing and preserving the wood pile to support his opinion on fire origin – he simply didn't do it.[16]

Mr. Oliveaux's admitted failure to examine and test the wood pile renders his origin and cause opinions entirely speculative and unreliable.   There is simply

---

[12]   *Id.,* at 85:21 – 105:22.

[13]   *Id.*, at 136:4 – 137:21.

[14]   *Id.*, at 124:23 – 125:9.

[15]   *Id.*, 137:22 – 145:5.   Exhibit 16 to Mr. Oliveaux's deposition – the photograph depicting the woodpile on June 15, 2018, the date of the first fire scene inspection by Mr. Oliveaux, is attached to the TABDEC as Exhibit 2.

[16]   Id.

no way Mr. Oliveaux can opine to a reasonable degree of certainty that the Hoog
fire started in a woodpile he never looked at.   This initial speculation necessarily
contaminates his opinions as to how the fire from the woodpile supposedly made
its way into the Hoog Shop.   For example having never examined the woodpile,
Mr. Oliveaux is unable to determine how hot the fire had to be to transfer sufficient
heat to the exterior electrical box to cause arcing inside the box – a necessary
causal link in his opinions on fire progression.[17]   Combined with his false
spoliation claims,  Mr. Oliveaux's fire origin and cause opinions – specifically that
the Hoog fire originated in a woodpile outside the north end of the Hoog Shop –
lack any indicia of reliability and require that his origin and cause opinions be
excluded from the trial of this case.


DATED:     1/6/23              LAW OFFICES OF TERRENCE A. BEARD

                              By:   /s/ Terrence A. Beard
                                    Terrence A. Beard (Pro Hac Vice)
                                    P.O. Box 1599
                                    Sutter Creek, CA  95685
                                    Telephone: (925) 778-1060
                                    Email: TBeard1053@aol.com

                                    -And-

                                    Travis P. Brown, OBA #20636
                                    Zachary J. Foster, OBA #30554
                                    MAHAFFEY & GORE, P.C.

---

[17]   Id., 147:25 – 150:20.

300 N.E. 1st Street
Oklahoma City, OK 73104
Telephone: (405) 236-0478
Facsimile: (405) 236-1840
Email: *tbrown@mahaffeygore.com*
Email: *zfoster@mahaffeygore.com*

COUNSEL FOR PLAINTIFFS

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2023, I filed the above-entitled document with the Clerk of the Court for the Western District of Oklahoma using the CM/ECF electronic filing system, which provided service on the following counsel of record:

Keith S. Yamaguchi (Admitted PHV)
KMA ZUCKERT LLC
200 West Madison Street, 16th Floor
Chicago, Illinois 60606
T: (312) 345-3000 F: (312) 345-3119
kyamaguchi@kmazuckert.com (Primary)
ebarrera@kmazuckert.com (Tertiary)

Michel W. Brewer (Okla. Bar No. 11769)
Jeffrey D. Scott (Okla. Bar No. 32115)
Hiltgen & Brewer, P.C.
9505 North Kelley Avenue
Oklahoma City, Oklahoma 73131

Attorneys for Defendant *Dometic Corporation*

T: (405) 605-9000 F: (405) 605-9010
mbrewer@hbokc.law (Primary)
jscott@hbokc.law (Secondary)
kglazener@hbokc.law (Tertiary)

Erica Rutner
Moore & Lee
501 East Las Olas Blvd. # 200
Fort Lauderdale, FL 33301
703-940-3763
Fax: 703-506-2051
Email:erutner@mooreandlee.com

/s/ Terrence A. Beard
_____
Terrence A. Beard